UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRY AND BRENDA TOBER, h/w** ) | Case Number |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| **CLIENT SERVICES, INC.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Henry and Brenda Tober, by and through their undersigned counsel, Warren, Vullings & Vassallo, LLP, complaining of Defendant, and respectfully aver as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs are individual consumers and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

**III.    PARTIES**

4.    Plaintiffs, Henry and Brenda Tober are adult individuals and citizens of the Commonwealth of Pennsylvania, residing at 312 College Avenue, Lancaster, PA  17603.  Plaintiffs are husband and wife.

5.    Defendant, Client Services, Inc., ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of  Pennsylvania with its principal place of business located at 221 Point West Boulevard, St. Charles, MO  63301.

6.    Defendant is engaged in the collection of debts from consumers using the mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

**IV.    FACTUAL ALLEGATIONS**

7.    On July 15, 2008, defendant called Henry Tober's cell phone regarding a consumer debt that is not Henry Tober's debt, but rather that of his wife, Brenda.  Mr. Tober asked defendant not to call him on his cell phone, because it was a company cell phone.  Defendants have ignored Mr. Tober's requests and has continued calling the company cell phone.

8.    When Mr. Tober answered the cell phone on July 15, 2008, the caller told him it was in reference to his wife's Sears Citibank Card.  Mr. Tober's name is nowhere on the account and it is not his debt.

9.    The representative, "Nina", then provided Mr. Tober with the balance on the card, press him to set up a payment plan, direct him to immediately pay $500, and

advised him that defendant would continue to collect 30% interest annually, which was the percentage Sears was charging on the debt when it when into collections.

10. Mr. Tober told the representative the subject debt was not his and that he would not be making any payment arrangements, but that he would tell his wife and they would discuss it.

11. Defendant refused to put anything in writing when asked to do so, and indeed, has failed to follow up with a 30-day validation notice within five days of the first telephone contact, as required under the FDCPA.

12. Defendant violated the FDCPA by revealing personal information about the debt to a third party who was not the debtor.

13. Defendant violated the FDCPA by continuing to call Mr. Tober's company cell phone number after being specifically admonished never to call that number again.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

14. The above paragraphs are hereby incorporated herein by reference.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. 15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

      b.      15 U.S.C. 1692e(11), in that Defendant failed to state in a series of telephone calls that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

      c.      15 U.S.C. 1692d, in that Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

      d.      15 U.S.C. 1692b(1), in that Defendant failed to state that the collector was confirming or correcting location information; rather, it revealed personal debt-related information about Mrs. Tober to Mr. Tober, who is not the debtor.

      e.      15 U.S.C. 1692b(3), in that Defendant contacted Mr. Tober more than once when he specifically told them not to call his company cell phone.

      f.      15 U.S.C. 1692g, in that Defendant failed to send a 30-day validation notice within five (5) days of the initial communication.

16.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in her favor and against Defendant and Order the following relief:

      a.      Declaratory judgment that the Defendant's conduct violated the FDCPA;

      b.      Actual damages;

      c.      Statutory damages pursuant to 15 U.S.C. §1692k;

      d.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

      e.      Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.

17.    Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

18.    The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL"). Defendant is a "debt collector" pursuant to 73 Pa. C.S. §2270.3.

19.    The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

20.    The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

21    The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

22.    Violations of the FDCPA is a per se violation of the FCEUA and the UTCPL.

23. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

24. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of suit; and

d. Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III
**VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. §201-1 et seq.**

25. The foregoing paragraphs are incorporated herein by reference.

26. Plaintiffs and Defendant are "Person[s]" pursuant to 73 Pa. C.S. §201-2.

27. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

28. The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, inter alia:

    a.    Defendant misrepresented to Plaintiffs the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. §201-3.1;

    b.    Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

    c.    Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL;

29.    As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

30.    By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    i.    An Order declaring that Defendant violated the UTPCPL;

    ii.    Actual damages;

    iii.    Treble damages;

    iv.    An award of reasonable attorney's fees and expenses and costs of suit; and

    v.    Such addition relief as is deemed just and proper, or that the interests of justice may require.

**V.**    <u>**JURY DEMAND**</u>

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN, VULLINGS & VASSALLO, LLP**

**Date:   07/21/08**           **BY:   /s/Bruce K. Warren_____**
Bruce K. Warren
Warren,Vullings & Vassallo LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney for Plaintiffs